## MEDLEY *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 6, September Term, 1958.]

*Decided April 10, 1959.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Per Curiam.

In this application for leave to appeal under the Post Conviction Procedure Act, Code (1958 Supp.), Art. 27, secs. 645A *et seq.*, it appears that counsel was not appointed in the lower court. The petitioner did not, in express terms, request the appointment of counsel, but his affidavit that he was a pauper, which was not controverted, also asserted that he had no funds "wherewith to provide for any or any part of legal assistance for his defence". We think this falls short of a showing that the petitioner "voluntarily and intelligently" waived the right to counsel, as suggested in *Byrd v. Warden of the Maryland Penitentiary*, 219 Md. 681, 147 A. 2d 701. In the absence of express waiver, counsel must be appointed in every case where the petitioner is without funds, for the reasons stated in *Hobbs v. Warden of Maryland Penitentiary*, 219 Md. 684, 686, 148 A. 2d 380, 382.

*Application for leave to appeal granted, and case remanded for further proceedings.*